UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:23-CV-61229-AMC

THE SMILEY COMPANY SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**PLAINTIFF'S MOTION TO EXTEND *EX PARTE* TEMPORARY RESTRAINING ORDER AND SCHEDULE HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, The Smiley Company SPRL ("Plaintiff"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 65(b)(2), respectfully moves for an order extending the Court's Sealed Order on Plaintiff's Ex Parte Motions (the "TRO") (Sealed, Dkt. 8), presently scheduled to expire on August 17, 2023.

Plaintiff requests a 14-day extension to the temporary restraining order to expire on August 31, 2023, and for a preliminary injunction hearing to be scheduled accordingly. Plaintiff received Defendants' identifying information during the evening of Friday August 11, 2023. After reviewing that information, Plaintiff voluntarily dismissed defendant sellers revealed to either be in the United States or in a country that is not a party to the Hague Service Convention. *See* Notice of Dismissal (Dkt. 9); *see also* TRO at 6 (authorizing alternative service for Defendants who reside in countries that are signatories to the Hague Convention). Attached herewith is a **Service**

**Schedule "A"** of non-dismissed Defendants[1] identifying the countries they are residing as indicated according to identifying information provided by the online platform Red Bubble.

Plaintiff intends to promptly attend to e-mail and publication service, as authorized by the TRO. However, this extension is necessary so that Plaintiff can effectuate service on Defendants as well as to give all Defendants fair notice of any preliminary injunction hearing.

In support of this motion, Plaintiff respectfully refers the Court to the following Memorandum of Law:

## MEMORANDUM OF LAW

1. On August 3, 2023, this Court issued its Sealed Order on Plaintiff's *Ex Parte* Motions (Dkt. No. 8) (the "TRO"). Third party platform Red Bubble served Defendants' identifying information on Plaintiffs at approximately 3:40pm ET on Friday, August 11, 2023.

2. Plaintiff promptly reviewed the identifying information, and within one business day attended to dismissal of sellers revealed to have a residential address in either the United States or a non-party to the Hague Convention. *See* Notice of Dismissal (Dkt. 9). What remains are foreign Defendants residing in a country which is a signatory to the Hague Convention. *See* Service Schedule "A;" *compare* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. Plaintiff intends to promptly serve those Defendants on Schedule "A" pursuant to the alternative service authorized by the TRO.

3. However, prior to a preliminary injunction hearing, Rule 65 requires that the nonmoving party be provided notice and an opportunity to present its opposition. *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir. 1991); *Four Seasons Hotels and Resorts, B.V. v.*

---

[1] Because the TRO remains under seal, this Service Schedule has been redacted to only list the Defendant Numbers and their associated countries.

*Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). While Rule 65 does not define "notice," the notice requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Id.* (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 434 n. 7 (1974)).

4.  Pursuant to Rule 65, this Court may issue a temporary restraining order for a period of fourteen (14) days, and "for good cause shown," may extend a temporary restraining order for a "like period" of time. Fed. R. Civ. P. 65(b)(2). "There is authority for the proposition that, under appropriate circumstances, a court may extend a TRO beyond 28 days." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, Case No. 2:11-cv-00742, 2011 WL 4368418, at *1 (E.D. Wis. Sept. 19, 2011); *see also Almetals, Inc. v. Wickender Westfalenstahl, GMBH*, No. 08-10109, 2008 WL 624067, at *2-3 (E.D. Mich. Mar. 6, 2008) (granting plaintiff's request to extend TRO until plaintiff could effect service under Hague Convention); *Assocs. Fin. Servc. Co., Inc. v. Mercantile Mortgage Co.*, 727 F.Supp. 371, 375 (N.D. Ill. 1989) (granting several month extension because 20 days was "a woefully inadequate time in which to prepare for, hear and decide a motion for preliminary injunction.").

5.  Here, there is good cause to extend the TRO because Plaintiff will only be able to serve Defendants with three days remaining on the TRO. Although Plaintiff diligently and expeditiously proceeded to serve its subpoenas, even if the platform was instantaneously served its subpoena after the TRO was issued, it is extremely unlikely that Plaintiff would have received the platform's reply by the preliminary injunction hearing, yet alone been able to serve the Defendants and afford them reasonable notice of a preliminary injunction hearing. Plaintiff

respectfully submits that this 14-day extension is the reasonably soonest timeframe that Defendants could be afforded a fair opportunity to oppose the application.

WHEREFORE, Plaintiff respectfully requests that the TRO be extended by 14 days, to expire after the conclusion of an appropriately re-scheduled preliminary injunction hearing.

| | |
|---|---|
| Date:   August 14, 2023 | Respectfully submitted by, |
| | THE BRICKELL IP GROUP, PLLC<br>1101 Brickell Avenue<br>South Tower, Suite 800<br>Miami FL, 33131<br>Tel: 305-728-8831<br>Fax: 305-428-2450 |
| | */s/ A. Robert Weaver*<br>A. Robert Weaver<br>Fla. Bar No. 92132<br>Email: rweaver@brickellip.com |
| | *Counsel for Plaintiff* |