UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| THE SMILEY COMPANY SPRL, ) | Case No.: 0:23-CV-61229-AMC |
| Plaintiff, ) | |
| v. ) | Judge: AILEEN M. CANNON |
| THE INDIVIDUALS, PARTNERSHIPS ) AND UNINCORPORATED ) ASSOCIATIONS IDENTIFIED ON ) SCHEDULE "A," ) | |
| ) | Magistrate: Alicia M. Otazo Reyes |
| Defendant. ) | |

FILED BY __MC__ D.C.
SEP 21 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

### DEFENDANT NO. 46
### CAAMAAX 'S ANSWER TO THE AMENDED COMPLAINT

Upon requesting detailed evidence from the plaintiff's attorney, it has been extremely difficult to get any sort of timely response. The evidence received is not very detailed. **(EXHIBIT 1)**

Due process typically requires that each online defendant intentionally direct their actions into the forum jurisdiction, and that "intent" standard requires defendant-specific fact. The complaint is very much a copy and paste of hundreds of other similar cases, where a keyword has been searched and all results gathered in to one single complaint.

There is no evidence of any suit-related contacts between Caamax and anyone in Florida. See Rubik's Brand, 2021 WL 825668, at *3–4 (distinguishing Hemi where the defendant "display[ed] products online that are shippable to Illinois" but "made no sales to Illinois residents").

Caamax displayed the product online but there is no evidence it targeted persons in Florida, or that anyone in Florida ever viewed them. The IP addresses shown in the evidence show 1 US IP address on the west coast. The main IP address used to start the purchase process is in The Philippines **(EXHIBIT 2)**.

A plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website. See Rubik's case No. 20-cv-5338 where it was proven.

For the reasons explained above, this is insufficient to support personal jurisdiction. On this basis alone, dismissal for lack of jurisdiction would be requested.

Caamaax provides answers as follows to the 5 counts detailed in the complaint:

## COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

### COUNT I – denied

- The product listing does not bear any counterfeit marks.
- There is no trademark on the listing image or in the description
- Caamaax is not in direct competition with the plaintiff
- There is no possible confusion likely to be caused among the general purchasing public. The plaintiff has not provided evidence of how any potential confusion would arise from the item. The trademarked design is noticeably different to variety of different smiling expressions and demonstrates how different a smiley face can look.
- The plaintiff claims unquantifiable damage to the plaintiff and how we have unjustly been enriched from profit. There has been no financial gain from this. The evidence given does not show any proof of sales in any country let alone the state of Florida.
- The plaintiff would not have had any monetary loss from this listing. There were zero sales in Florida and in the entire US, and the plaintiff has not provided any evidence to counter this.

## COUNT II – FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. §1125(A))

### COUNT II – denied

- There is no direct competition with the plaintiff.
- There is no possible confusion likely to be caused among the general purchasing public as at no point does the product description imply anywhere, it is from the plaintiff's business. Caamaax would request that evidence is provided of how any potential confusion would arise from this item.
- The item has been removed from sale, so it cannot be argued that there is a chance of future confusion should evidence of confusion be provided.
- The plaintiff has not had any monetary loss from this listing as there have been no sales.
- The item has been removed from sale, so it cannot be argued that there is a chance of future harm.
- The plaintiff claims the product has been widely advertised and offered for sale throughout the United States via the Internet. The screenshot simply shows the website was accessible by the evidence gathers in California and The Philippines. There is no evidence the product was in any way targeted at or directed to the Florida market as a website can simply be accessed anywhere in the world no matter whether the products are available for purchase there or not **(EXHIBIT 2)**
- The item is not counterfeit and the plaintiff has provided no evidence to show they have even looked at the screenshots themselves. They cannot comment on any level of quality based on a screen shot and having checked sales records, there are no sales made to the US. The plaintiff did not complete a sale. **(EXHIBIT 3)**
- The plaintiff claims the item is virtually identical to theirs, however once again we deny this and have not found any similar product from the client.

**COUNT III -- COMMON LAW UNFAIR COMPETITION**

**COUNT III – denied**

- There is no direct competition with the plaintiff.
- There is no possible confusion likely to be caused among the general purchasing public as at no point does the product description imply anywhere, it is from the plaintiff's business. Caamaax would request that evidence is provided of how any potential confusion would arise from this item.
- The plaintiff has not had any monetary loss from this listing as there have been no sales.
- The plaintiff claims the product has been widely advertised and offered for sale throughout the United States via the Internet, however the screenshot evidence does not show any advertising in the United States. It simply shows the website was accessible by the evidence gathers. There is no evidence the product was in any way targeted at or directed to the Florida market

**COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT**
**COUNT IV – denied**

- The product listing does not bear any counterfeit marks.
- There is no trademark on the listing image or in the description
- There is no possible confusion likely to be caused among the general purchasing public as at no point does the product description imply anywhere, it is from the plaintiff's business. Caamaax would request that evidence is provided of how any potential confusion would arise from this item.

The word "smiley" is in many dictionaries and has been in use since the 1840's. For example, the current online definition when typed in Google comes from Oxford languages, a world leading dictionary publisher. It defines smiley in 2 ways;
1. as an adjective "smiling; cheerful." With an example of use "he drew a smiley face".
2. as a noun "a symbol representing a smiling face that is used in written communication to indicate that the writer is pleased or joking"

Vendors, including Caamaax, invoke this dictionary meaning frequently to describe their products that display a smiley face. Because the plaintiff has trademark registrations for the dictionary word "smiley," it claims vendors are engaging in "counterfeiting" in those circumstances. The word "smiley" in this product is not to identify the source of the product. Instead, it is clearly using the term "smiley" for its dictionary meaning to describe the graphic displayed on the product. This reference is not "counterfeiting" of the plaintiff mark; it is vendors and consumers talking to each other using a word in the dictionary.

**COUNT V -- INFRINGEMENT OF COPYRIGHT**

**COUNT V – denied**

- Plaintiff has not provided any evidence of copyright infringement
- The plaintiff has not had any monetary loss from this listing as there have been no sales.

**Final Remark from Caamaax**

Please refer to the Declaration of Dean Eric Goldman, Emoji Co. GmbH v. the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, No. 21-cv-1739 (N.D. Ill. filed Aug. 1, 2021).

He argued a case for IP "trolling".

Caamaax believes this lawsuit involves intellectual property "trolling." As defined by Dean Eric Goldman in his declaration on the above case.

Dean Eric Goldman states the following as a key indicator of the IP trolls:

- Suing a high volume of defendants in a short period of time.
- Naming many defendants in a single complaint to save filing fees.
- Recycling generic complaints to reduce upfront costs.
- Voluntarily dismissing many defendants.
- Taking advantage of defendants' vulnerability to increase the defendants' motivation to settle quickly.
- Over claiming rights to an asset that marginally qualifies for IP protection or does not qualify for IP protection at all.

It is known there is at least 2 other smiley cases that have been running concurrently, with a large voluntary dismissal of many of the defendants. The almost immediate request for money affects the defendants, along with the restriction on accounts. They are seemingly given little to no choice but to pay off the attorney as the amount, almost similar to other defendants in the various cases, amounts to a similar amount that would be required to pay for a US attorney.

The defendant, Caamaax, hereby respectfully requests the court to dismiss plaintiff's complaint, Alternatively, if the court consider it unnecessary to dismiss plaintiff's complaint, the defendant hereby respectfully request the court to withdraw the injunction order and/or enter a judgement

DATED: September 11th, of 2023                                  Respectfully submitted,

Defendant 46  
Caamaax  
cocaudcamille3@gmail.com  
pro se litigant

# Exhibit 1

Screen shot evidence of the product – provided by Plaintiff's attorney

The product in a vinyl sticker. It can be described as follows: The text shines bright is positioned next to a hand drawn sunshine with a smiley face expression.



# Exhibit 2

Screen shot evidence collection report – provided by Plaintiff's attorney

The IP address used by the evidence collection agents, were in the Philippines when starting the checkout process and NOT in Florida



# Exhibit 3

Screen shot evidence collection report – provided by Plaintiff's attorney

The IP address used by the evidence collection agents, were in the Philippines when starting the checkout process and NOT in Florida



AIDE-MÉMOIRE
(à conserver par l'expéditeur)

1. Découpez l'étiquette de transport e-chronopost (partie droite de ce document) et fixez-la sur le colis à expédier.

2. Pour les marchandises à destination des pays hors Union européenne, joindre les documents douaniers en 5 exemplaires.

3. Après la création de l'étiquette e-chronopost, vous avez 60 jours pour remettre votre colis dans un relais pickup ou en agence Chronopost.

Attention : vous ne devez pas déposer ce colis dans une boîte aux lettres.

Cachet

**Chrono Express**
**N° de colis : PZ331326487FR**

Référence de l'envoi :

Date d'impression: 17/09/2023      Poids déclaré : 00.120 kg

**EXPEDITEUR**
COCAUD Camille
44000 NANTES

**DESTINATAIRE**   Clerk's office Aileen M.Cannon
CLERK'S OFFICE Aileen M.Cannon
400 North Miami avenue

33128  MIAMI  ETATS-UNIS D'AMÉRIQUE
Code porte :
Tél : 13055235100
e-mail : court-admin_flsd@flsd.uscourts.gov

Chronopost vous remercie de votre confiance.

Suivez votre envoi
sur www.chronopost.fr      chronopost



Ask your destination
Demandez votre destination
230 pays et territoires desservis

 chronopost

NE PAS COLLER CETTE ETIQUETTE SUR LE COLIS, mais l'insérer dans la pochette documer avec les factures.





**SENDER**
CHRONOPOST CDG
HUB ROISSY CDG
ROISSY CEDEX    95700    FR

SHIP DATE : 19SEP23
ACTWGT : 0,2 Kg
CAD# : 1713/FUSE0009
BILL SENDER:
PKG TYPE: CUSTOMER

**To:** CLERKS OFFICE AILEEN M.CANNON
13055235100
CLERKS OFFICE AILEEN M.CANNON
400 NORTH MIAMI AVENUE
MIAMI FL 33128

REF : 04083126 5247 25K

**FedEx** EXPRESS
E



TRK# 6495 2643 4239 IP EOD  AA
0430                         ETD

XG MPBA       33128
              FL-US  MIA



e-chronopass
RECEIVER'S COPY

CLERK'S OFFICE Aileen M.Cannon
400 North Miami avenue
MIAMI
33128
US_ETATS-UNIS D'AMERIQUE
13055235100
Consignement : PZ33132648 7FR
Info :
Phone : 13055235100
Contact : Clerk's office Aileen M.Cannon
Date : 17/09/2023
Ref : CLERK'S OFFICEA

EXP INT

Packages 1 of 1
Weight 00.120KG

Delivery address
Reference
Phone : 0777790146
44000 NANTES
12 rue des Près
COCAUD Camélie
Sender

chronopost